WESTFELDT et al. v. NORTH CAROLINA MINING CO.

(Circuit Court of Appeals, Fourth Circuit. March 12, 1910.)

No. 745.

1. Costs (§ 8*)—Power to Tax—Jurisdiction of Court.

Where a bill in equity filed in a federal court alleges facts which give such court jurisdiction, but is afterward dismissed on a plea in abatement setting up the pendency of a suit in a state court between the same parties in which the state court had acquired prior jurisdiction over the subject-matter of the suit, the case is not one of want of jurisdiction in such sense that the court cannot adjudge costs against the losing party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 16; Dec. Dig. § 8.*]

2. Costs (§ 254*)—On Appeal—Expense of Record.

Where a plea in abatement in an equity suit in a Circuit Court was overruled and after a trial of the cause on the merits defendant appealed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

generally, he was justified in bringing up the entire record and to have the expense taxed as costs on a reversal on the ground of error in overruling the ple .

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 962; Dec. Dig. § 254.*]

**3.** Costs (§ 60*)—Apportionment—Discretion of Court of Equity.

The discretion vested in a court of equity to apportion costs does not authorize a departure from the usual practice of awarding costs to the prevailing party, unless for some cause shown equity and good conscience require it.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 261–271; Dec. Dig. § 60.*]

Appeal from the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

Suit in equity by the North Carolina Mining Company against G. R. Westfeldt and others. Decree for complainant, and defendants appealed. On motion of appellee to modify decree of reversal (166 Fed. 706) as to costs. Motion denied.

James H. Merrimon (Joseph J. Hooker and Charles A. Moore, on the brief), for the motion.

F. A. Sondley (Julius C. Martin and Alf. S. Barnard, on the brief), opposed.

Before GOFF, Circuit Judge, and BOYD and DAYTON, District Judges.

BOYD, District Judge. On January 31, 1910, notice as follows was served by counsel for appellee in this case upon the counsel for appellants:

"Comes now the defendant in error, North Carolina Mining Company, by its attorneys and solicitors, and moves the court to modify the judgment or decree in this cause reversing the judgment below and remanding said cause to said Circuit Court of the United States for the Western District of North Carolina, with direction to last-named court to dismiss the bill, and decreeing that the cost of this appeal be taxed against the said North Carolina Mining Company by striking out so much of said decree, order, and judgment as taxes the said North Carolina Mining Company with the cost of appeal in this cause, upon the ground that the said decree of this court directing the said bill to be dismissed is based upon the ground of want of jurisdiction in the said Circuit Court of the United States to maintain jurisdiction of the said cause: and the said defendant in error further moves the court for an allowance of 20 days to serve notice of this motion upon the solicitors for the plaintiffs in error.

"This motion will be called for hearing in the said United States Circuit Court of Appeals at Richmond, on the 18th day of February proximo, at 10 o'clock a. m., or as soon thereafter as the matter can be heard, and when the same shall have been heard, if the motion shall be denied, the appellee will move the court to direct that no costs be taxed for any portion of the record transmitted from the Circuit Court, except such portions as are contained in what has been printed as volume 1, upon the ground that such volume contains all the record that was certified from the said Circuit Court to the said Circuit Court of Appeals.

"Should this latter motion be denied, the appellee will move the court to tax the appellee with only such portion of the record as should have been sent to the said Circuit Court of Appeals, and to make such order in relation to the costs of said appeal as to the court shall seem just and proper.

"This the 31st day of January, 1910."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This case was commenced originally in the Circuit Court of the United States for the Western District of North Carolina, at Asheville, by the filing of a bill by the North Carolina Mining Company v. G. R. Westfeldt et al.; the object of the action being to remove a cloud from title to real estate. The defendants came in and filed answer in which the defense was set up that at the time of the filing of the bill there was an action pending in the superior court of Cherokee county, N. C., between the same parties, and involving the same subject-matter, and thereupon defendants sought to abate plaintiffs' action in the Circuit Court on that ground. The defendants' answer went further to the merits of the cause. The Circuit Court, after investigation and ascertainment of the facts, overruled the first plea and held that the said court had jurisdiction, and thereupon the case was proceeded with in the usual way by the completion of the pleadings, the taking of testimony, and a final decree.

Upon an appeal to this court the ruling of the Circuit Court upon the question of jurisdiction was reversed; it being held that the pendency of the action in the state court at the time the bill was filed in the Circuit Court, the parties being the same, the subject-matter the same, ousted the jurisdiction of the said court.

Upon the taking of the appeal to this court, a complete record of the case was sent up, including not only the proceedings to the time the court decided that it had jurisdiction, but all subsequent proceedings, together with the testimony taken, reports, and decrees in the meantime, and the final decree in favor of the North Carolina Mining Company, the present appellee. In accordance with the opinion and judgment of this court, which was filed on the 12th of January, 1909 (166 Fed. 706), the mandate was subsequently sent down to the Circuit Court at Asheville that the bill be dismissed, with costs to appellant.

It is for the purpose of recalling and modifying the judgment and mandate that the present motion is made. It will be observed that appellee's first motion is that so much of the decree, order, and judgment of this court as taxes the appellee with the costs of appeal be stricken out, and that the mandate be modified to that end. The ground upon which the appellee bases this motion is that, as the bill was dismissed for want of jurisdiction in the Circuit Court, no costs could be adjudged.

A number of authorities are cited by the appellee, both in the oral argument and in the brief, to sustain the position that, where an action is dismissed for the want of jurisdiction in the court to entertain it, no judgment for costs can be entered. This is undoubtedly the law, but in our view it does not apply in this case. Upon the bill filed the Circuit Court had jurisdiction. The necessary elements were shown to exist, there was diverse citizenship, one of the parties being a resident of North Carolina, and of the Western District, in which the suit was brought, and the other of another state. Thus there was the required diverse citizenship. The lands which were the basis of the action were all located in the Western District of North Carolina, and the amount involved in the controversy was far in excess of $2,000, exclusive of interest and costs, and the Circuit Court was warranted in taking jurisdiction, and proceeding with the case to the point that the appellants

interposed the plea as a defense that a suit between the same parties, involving the same subject-matter, was pending in the state court. This court did not decide that there was a want of jurisdiction of the Circuit Court in the inception of the case, but that it was error of the Circuit Court to retain jurisdiction when the fact of the pendency of the other suit was made known and established. The jurisdiction necessarily attached until the facts involved in the plea to the jurisdiction were ascertained and passed upon.

We do not think, therefore, that this case comes within the rule that, where the action is dismissed for the want of jurisdiction, judgment for costs does not follow.

The further motion of the appellee is that, if the foregoing motion shall be denied, then that the court direct that no costs be taxed for any portion of the record transmitted from the Circuit Court, except such as is contained in what has been printed as volume 1, upon the ground that such volume contains all the record that was certified from the said Circuit Court to this court. We see no merit in this motion. The clerk of the Circuit Court, as he was required to do, when the appeal was taken, not only from the refusal of that court to dismiss the action when it was shown that the case, as above stated, was pending in the state court, but also from the final decree in favor of appellee on the merits, sent up the entire record. It is true that the record consists of six volumes, and when the clerk sent it up on the 20th of May, 1907, his certificate was attached to volume 1, and stated that the foregoing was a full and true transcript of the case. This certificate was followed by another, however, filed by the clerk on the 28th of October, 1907, in which the clerk certified that the record consists of the first volume, and also of five other volumes of testimony, etc. Both of these certificates were on file in this court with the record before the cause was argued or decided. We think, therefore, that the certification of the record, including the entire six volumes, was sufficient.

The appellee moves then, in case the other two propositions are rejected, that the court tax it with only such portion of the record as should have been sent to the Circuit Court of Appeals, and to make such order in relation to the costs of said appeal as to the court shall seem just and proper. We think what we have said above disposes of a part of this last motion, but the latter clause of it appears to invite the court here, sitting in equity, to exercise its discretion and apportion the costs between the parties. As to this proposition we may say that whilst a chancellor is vested with a discretion in the disposition of costs in an equity case, yet the discretion is held to be a sound one to be exercised in view of the special circumstances of each case. It is, however, the usual practice in equity to award costs to the prevailing party in the cause, and this rule should only be varied when the losing parties can show that equity and good conscience require a different judgment. In some cases where a successful party has overloaded the record unnecessarily with irrelevant and immaterial testimony, and in others where, through the fault of both parties, an unnecessarily large and expensive record has been made, and still in others, in which large interests are involved, the law affecting them being unsettled, and there is consequently a reasonable basis for the suits, courts of equity have

divided the costs, or apportioned them among the parties equitably. But we do not see any such conditions here.

When the appellee brought its suit, it was confronted by two defenses—the one to the jurisdiction, and the other to the merits. The appellee succeeded in the Circuit Court in having the jurisdiction retained, and also after a trial in gaining a final decree in its favor. The appellant appealed. This brought up the whole case, and the whole record came with it. We feel constrained therefore to deny the motion of appellee in its every aspect. In view of this conclusion, it is not necessary to pass upon the proposition insisted on by the appellants that the motion comes too late.

Motion denied.