**AMERICAN NAT. BANK OF MACON v. COMMERCIAL NAT. BANK OF MACON et al.**

(District Court, S. D. Georgia, W. D. November 2, 1920.)

No. 25.

1. **Costs ☞60—Not apportioned at law.**
   At law there is no apportionment of costs, and the judgment runs in solido against all defendants

2. **Costs ☞60—In equity in discretion of court.**
   In equity the court has a discretion as to the costs, and may impose them all on one party, or divide them as it sees fit; but this power is not arbitrary, and must be exercised with sound discretion.

3. **Costs ☞60—In equity usual practice is to award in solido, but rule may be varied.**
   The usual practice in equity, where there are several defendants, all of whom are cast in the suit, is to award costs in solido against all; but the rule may be varied, when equity and good conscience require a different judgment.

4. **Banks and banking ☞250(7)—Costs of suit against stockholders apportioned according to holdings of stock.**
   Under Rev. St. § 5151, as to the liability of national bank stockholders for debts, it is just and equitable, in a suit against a national bank and its stockholders, to apportion the costs between the stockholders in proportion to their holdings of stock; the costs resulting from litigation of the issues made by pleas being apportioned only between the litigating defendants.

In Equity. Suit by the American National Bank of Macon against the Commercial National Bank of Macon and others. On motion for apportionment of costs. Costs apportioned in accordance with the opinion.

See, also, 248 Fed. 187.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Hardeman, Jones, Park & Johnston, of Macon, Ga., for plaintiff.

Hall & Grice, R. L. Berner, and Chas. L. Bartlett, all of Macon, Ga., for defendants.

BEVERLY D. EVANS, District Judge. A suit was brought by the American National Bank of Macon against the Commercial National Bank of Macon and its shareholders to enforce the collection of a debt, pursuant to the act of June 30, 1876 (19 Statutes at Large, 63). The suit eventuated in a decree against the defendant bank and against each of its shareholders to the extent of the amount of their stock. Some shareholders resided out of the state of Georgia, and were not parties to the action. Some shareholders, who were parties, did not defend. A motion is made to apportion the costs between the various shareholders, based on their several holdings of stock.

[1-3] The suit is in equity, and is in the nature of a creditors' bill. At law there is no apportionment of costs, and the judgment runs in solido against all the defendants. In equity the court has a discretion as to the costs, and may impose them all upon one party, or may divide them in such manner as it sees fit. This power in the court over costs in equity cases is not arbitrary, and must be exercised with sound discretion. The usual practice in equity, where there are several defendants, all of whom are cast in the suit, is to award the complainant costs in solido against all of them, but the rule may be varied when the losing parties can show that equity and good conscience require a different judgment. Westfeldt v. N. C. Mining Co., 177 Fed. 132, 100 C. C. A. 552.

[4] As a general proposition, where various persons are severally and not jointly liable to a common creditor, each must be individually proceeded against. The act of 1876 permits a joinder of all shareholders of a national bank to enforce each shareholder's individual liability. That liability is restricted by the statute which creates it; shareholders being individually responsible, equally and ratably, and not one for another, for debts of the bank, to the extent of the amount of their stock therein. R. S. § 5151. The dominant idea is the limitation of the liability of the shareholder to the amount of his stock. It would seem that the spirit of this restrictive liability would be violated by awarding judgment for costs in solido. Suppose there should be only five stockholders in a bank, holding, respectively, the following number of shares: One, 5, 10, 50, and 250, of the par value of $100, and the costs should aggregate $1,000. Would it be equitable and right to make the holder of one share pay the same as the holder of 250 shares? If such be the case, the shareholder with one share would pay in costs double the par value of his stock, and the holder of 250 shares would pay less than $1 per share on his holding. Moreover, the holder of the 250 shares might be insolvent, and his burden would be cast on the minority stockholders, multiplying the liability of the holder of the single share of stock almost to the extent of oppression. Such a result would be repugnant to the spirit of the statute, that the extent of the stockholders' liability was gauged by the amount of their stock, ratably, and not as surety for one another.

If all the defendants were solvent, of course, the plaintiff could have no reasonable objection to an apportionment of the costs. But it is argued that, where some of the defendants may prove insolvent, the plaintiff, though recovering judgment against such insolvent defendants, would have to pay the costs assessed against them. This argument is urged against the contention that apportionment of costs would be equitable. The circumstance that the plaintiff will lose some of his costs is no more a hazard of litigation than that he will lose his judgment on account of the defendant's insolvency.

There is another consideration. Suppose, when the decree adjudicating the several shareholders' liability is entered, some shareholders desire to pay, and others wish to prosecute an appeal. If the costs have been apportioned, then a defendant could settle the judgment against him, and leave his more litigious codefendants to prosecute appeal proceedings.

So that on the whole I think that it is within the power of the court, and that it is neither inequitable nor unjust to the plaintiff, that the costs be apportioned among the defendants, the basis to be as follows: All the costs at the time the case was at issue to be apportioned between all defendants at the ratio of their several holdings of stock. Costs subsequently accruing, brought about by reason of litigation on issues made by pleas, to be apportioned among litigating defendants at the ratio of their respective holdings of stock.

A judgment on the motion to apportion costs may be taken in accordance with the views herein expressed.